## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Shirley Pryor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 6238 |
| | ) | |
| Mercantile Adjustment Bureau, LLC, a | ) | |
| New York limited liability company, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Shirley Pryor, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3.      Plaintiff, Shirley Pryor ("Pryor"), is a citizen of the State of Michigan, from whom Defendant attempted to collect a delinquent consumer debt that she owed for a Target credit card account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile") is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Mercantile operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Mercantile was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Pryor.

5.      Defendant Mercantile is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Mercantile conducts business in Illinois.

6.      Moreover, Defendant Mercantile is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Mercantile acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7.      Ms. Pryor is a senior citizen, with limited assets and income, who fell behind on paying her bills.  When Defendant Mercantile began trying to collect a delinquent Target account from her, Ms. Pryor sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Mercantile's collection actions.

8.      On August 26, 2010, one of Ms. Pryor's attorneys at LASPD informed Mercantile, in writing, that Ms. Pryor was represented by counsel, and directed Mercantile to cease contacting her, and to cease all further collection actions because

2

Ms. Pryor was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit <u>C</u>.

9.      Nonetheless, Defendant Mercantile's debt collectors repeatedly called Ms. Pryor directly, from phone number 866-726-0522, to demand payment of the Target debt, including, but not limited to, calls on August 27, 2010, August 29, 2010 and August 30, 2010 and September 1, 2010, September 4, 2010 and September 7, 2010.

10.     Accordingly, on September 8, 2010, Ms. Pryor's LASPD attorney had to send Defendant Mercantile another letter, to again demand that it cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit <u>D</u>.

11.     Defendant Mercantile's collection actions complained of herein occurred within one year of the date of this Complaint.

12.     Defendant Mercantile's collection communications are to be interpreted under the "unsophisticated consumer" standard. <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. <u>See</u>, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Pryor's agent, LASPD, told Defendant

3

Mercantile to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant Mercantile violated § 1692c(c) of the FDCPA.

16.     Defendant Mercantile's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Mercantile knew that Ms. Pryor was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Mercantile to cease directly communicating with Ms. Pryor. By directly calling Ms. Pryor, despite being advised that she was represented by counsel, Defendant Mercantile violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Mercantile's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Shirley Pryor, prays that this Court:

1.      Find that Defendant Mercantile's debt collection actions violated the

FDCPA;

2.      Enter judgment in favor of Plaintiff Pryor, and against Defendant

Mercantile, for statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Shirley Pryor, demands trial by jury.

Shirley Pryor,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  September 29, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com